FILED
United States Court of Appeals
Tenth Circuit

June 23, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JAMES KELLY TUBBS; TAMMY
LYNN TUBBS,

      Plaintiffs-Appellees,

v.

JEREMY HARRISON; TIMOTHY
MUZNY,

      Defendants-Appellants,

and

THE CITY OF OKLAHOMA CITY, a
political subdivision of the State of
Oklahoma,

      Defendant.

No. 09-6152
(D.C. No. 5:07-CV-01286-M)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **TYMKOVICH**, **SEYMOUR**, and **BALDOCK**, Circuit Judges.

Jeremy Harrison and Timothy Muzny appeal the district court's denial of

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, *res judicata*, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with the terms and conditions of Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

their motion for summary judgment. We dismiss for lack of jurisdiction.

Defendants are police officers with the Oklahoma City Police Department.[1] They went to the home of James Kelly Tubbs and Tammy Lynn Tubbs to conduct a "knock and talk"[2] based on two anonymous tips, received seven months previously, of drug related activities at Mr. Tubbs' residence. Defendants were accompanied by two other officers who waited to the side of the house. When Officer Harrison identified himself and asked to come inside to talk, Mr. Tubbs responded, "If we're gong to do this, we're going to do it outside." Aplt. App. at 158. Mr. Tubbs opened the door partially and told Officer Harrison to "[h]old on. Let me get my wife." *Id.* at 144. But defendants did not comply with this instruction. Instead, they forcibly entered the residence upon what they claim was probable cause and exigent circumstances based on the smell of marijuana coming from the home. *Id.* at 157. Plaintiffs dispute that there was any smell of marijuana present. *Id.* at 144-45, 157.

Upon entering the house, defendants handcuffed Mr. Tubbs and, according to plaintiffs, violently forced him to the ground. *Id.* at 145, 172. When Mrs. Tubbs entered the living room, she was told to shut up and sit down. *Id.* at 146.

---

[1] We set out the facts in the light most favorable to plaintiffs, the non-moving party. *See Cortez v. McCauley*, 478 F.3d 1108, 1115 (10th Cir. 2007).

[2] A "knock and talk" is a consensual encounter between police officers and citizens. *United States v. Reeves*, 524 F.3d 1161, 1166, n.3 (10th Cir. 2008).

The two non-party officers then entered the house and performed a protective sweep, during which they claim they found some marijuana in plain view. To the contrary, Mr. Tubbs testified that there was no marijuana in plain view. *Id.* at 228-29. At some point, Officer Harrison asked for Mr. Tubbs' consent to search the residence. Mr. Tubbs initially refused, but consented to the search after Officer Harrison agreed not to charge Mrs. Tubbs. *Id.* at 141, 173. During the search, defendants discovered a duffel bag containing marijuana, which Mr. Tubbs says was locked in his closet, *id.* at 229, and arrested both plaintiffs, *id.* at 405.

The criminal charges against plaintiffs were dismissed when the state court granted their motion to suppress the evidence after concluding that defendants' entry into plaintiffs' home was not justified by any recognized exception to the warrant requirement. Plaintiffs filed this 42 U.S.C. § 1983 action against defendants, asserting that they violated plaintiffs' constitutional rights when they entered and searched plaintiffs' residence, used excessive force against Mr. Tubbs, and arrested plaintiffs. Defendants moved for summary judgment, contending the qualified immunity doctrine bars plaintiffs' § 1983 action. The district court denied the motion. Aplt. App. at 404, District Court Order, July 23, 2009 (hereinafter "Order").

Generally,

a district court's order denying a defendant's motion for summary

-3-

judgment [is] an immediately appealable "collateral order" (*i.e.*, a "final decision") . . . where (1) the defendant [is] a public official asserting a defense of "qualified immunity" and (2) the issue appealed concern[s] not which facts the parties might be able to prove, but, rather, whether or not certain given facts show[] a violation of "clearly established" law.

*Armijo v. Wagon Mound Pub. Schs.*, 159 F.3d 1253, 1258 (10th Cir. 1998) (quoting *Johnson v. Jones*, 515 U.S. 304, 311 (1995)). But such "immunity appeals are limited to cases presenting neat abstract issues of law." *Armijo*, 159 F.3d at 1258 (quotation marks and internal alterations omitted). In considering abstract legal issues on collateral appeal from the denial of qualified immunity, we have recognized that we must consider

> whether, under plaintiff's version of the facts, defendant violated clearly established law. In making this determination, we must scrupulously avoid second-guessing the district court's determinations regarding whether plaintiff has presented evidence sufficient to survive summary judgment. Rather, we review only whether defendant's conduct, as alleged by plaintiff, violated clearly established law.

*Id.* at 1259 (original citation and internal alterations omitted). Accordingly, where the district court has concluded that a plaintiff presented sufficient evidence to survive summary judgment on a defendant's claim of qualified immunity, we do not "have jurisdiction to review the district court's . . . finding that a genuine dispute of fact existed . . . ." *Id*. Nor do we have jurisdiction to review a "district court's denial of the defendant's motion for summary judgment [when it] is predicated on 'evidence sufficiency,' *i.e.* which facts a party may, or

-4-

may not, be able to prove at trial." *Id*. at 1258 (citation omitted). *Accord*

*Fletcher v. Burkhalter*, ___ F.3d ___, 2010 WL 2026621 at *4 (10th Cir. May 24,

2010).

Turning to the legal questions in this case, the law is clearly established

that a warrantless home entry "must be '(1) pursuant to clear evidence of probable

cause, (2) available only for serious crimes and in circumstances where the

destruction of evidence is likely, (3) limited in scope to the minimum intrusion

necessary, and (4) supported by clearly defined indicators of exigency that are not

subject to police manipulation or abuse.'" *United States v. Carter*, 360 F.3d

1235, 1241 (10th Cir. 2004) (quoting *United States v. Aquino*, 836 F.2d 1268,

1272 (10th Cir. 1988)). Defendants concede that the anonymous tips they

received were not sufficient to establish probable cause. Applying *Carter*, and

viewing the evidence in the light most favorable to plaintiffs, the district court

concluded the record contains material issues of fact as to whether defendants

gained probable cause to enter plaintiffs' residence and whether exigent

circumstances justified their warrantless entry.[3] Specifically, the court identified

a significant disputed issue of fact as whether defendants could actually smell

_____

[3] The court also concluded plaintiffs presented sufficient evidence that
they did not voluntarily consent to the search, Order at 5 (citing *United States v.
Pena-Sarabia*, 297 F.3d 983, 987 (10th Cir. 2002)), and that in light of the highly
disputed circumstances surrounding the lawfulness of defendants' entry into
plaintiffs' residence, defendants used excessive force against Mr. Tubbs, Order at
4.

marijuana while they spoke with Mr. Tubbs. Order at 4.[4] Notably, if there was no smell of marijuana, there were no exigent circumstances warranting the intrusion into plaintiffs' house, the subsequent handcuffing of Mr. Tubbs, the search of the house, or the arrest of plaintiffs.

Defendants urge us to disregard the district court's determinations regarding material factual disputes, contending, *inter alia*, that "there is no genuine material issue of fact as to whether Officer Harrison and Lt. Muzny had probable cause to believe a crime was being committed based on the smell of marijuana[,]" Aplt. Br. at 20, and that "[i]n the instant case, absent a plausible dispute regarding whether Lt. Muzny and Officer Harrison could smell marijuana, there is no jury question regarding the existence of probable cause. Therefore, the district court erred in denying the Appellant Officers' motion for qualified immunity." *Id.* at 31. But defendants cannot so easily ignore the evidence presented by plaintiffs. Where, as here, the district court determined that plaintiffs' evidence presented material issues of fact regarding whether defendants violated their clearly-established constitutional rights, we easily conclude that we do not have jurisdiction to review the court's denial of defendants' motion for summary judgment. *See Armijo*, 159 F.3d at 1259. "Even

---

[4] Alternatively, the court concluded that even if defendants did smell marijuana, this alone did not constitute a "serious crime" for the purpose of determining whether exigent circumstances were present in this case. *See* Order at 4 (citing *Carter*, 360 F.3d at 1242).

if the district court erred in reaching that finding, we would not have jurisdiction to review that fact-based determination on an interlocutory appeal." *Id.*

We therefore **DISMISS** this appeal for lack of jurisdiction.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge