GRUENDER, Circuit Judge,
dissenting.
The court correctly cites Johnson v. Jones, which held that “a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court’s summary judgment order insofar as that order determines whether or not the pretrial record sets forth a ‘genuine’ issue of fact for trial.” 515 U.S. 304, 319-20, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). But the court nonetheless reviews whether the pretrial record here sets forth a genuine issue of fact for trial. Instead, we should follow Johnson and dismiss this interlocutory appeal for lack of jurisdiction.
As the court explains, New’s § 1983 claim requires an evaluation of the objective credibility of Sgt. Denver’s conclusion that the two leaves were marijuana. New argues that “no reasonable officer would have concluded the leaves were marijuana.” He testified that the part of the leaf he saw did not look like marijuana “at all”; Denver testified that the leaves were marijuana. Based on this and other evidence, the district court held that “issues of fact remain as to whether Mr. Denver truly made an honest or objectively reasonable mistake in believing the leaves to be marijuana.” Under Johnson, we cannot review such determinations of “evidence sufficiency.” Id. at 313, 115 S.Ct. 2151; see also Lockridge v. Bd. of Trs. of Univ. of Ark., 315 F.3d 1005, 1008 (8th Cir.2003) (en banc); Tubbs v. Harrison, 383 Fed.Appx. 804, 807 (10th Cir.2010) (dismissing appeal where the district court had “identified a significant disputed issue of fact as [to] whether [defendant police officers] could actually smell marijuana” before they entered plaintiffs’ house without- a warrant).
Recognizing this limitation, the court finds jurisdiction by deeming New’s evidence immaterial rather than “probative” of Sgt. Denver’s “reasonable, good faith belief that he had probable cause.” Ante at 900. But this is simply weighing evidence. Every fact-based summary-judgment ruling asks whether a party’s evidence is sufficiently probative. That is how trial courts decide what Johnson says we cannot examine: “which facts a party may, or may not, be able to prove at trial.” 515 U.S. at 313, 115 S.Ct. 2151. As such, to accept the court’s analysis undercuts Johnson significantly. And, moreover, the court’s analysis contradicts our earlier holding that we cannot “decide whether a dispute is genuine by finding certain evidence insufficiently probative.” Livers v. Schenck, 700 F.3d 340, 350-51 (8th Cir.2012); see Mader v. United States, 654 F.3d 794, 800 (8th Cir.2011) (en banc).
Accepting the court’s analysis also implicates Johnson’s concern about increased appellate workloads. As Johnson explained, “to determine whether there is or is not a triable issue of fact ... may require reading a vast pretrial record, with numerous conflicting affidavits, depositions, and other discovery materials.” 515 U.S. at 316, 115 S.Ct. 2151. The record in this case is hardly vast, but even it contained the forensic chemist’s affidavit; excerpts from Sgt. Denver’s deposition, New’s deposition, and Michael New’s deposition; and an incident report. When we face more complicated cases, the court’s rule would have us sift through, not the *903 hundred or so pages here, but thousands' of pages, carefully sorting for nuggets of probative evidence. This is precisely what Johnson chose to forbid.
I am sympathetic to the court’s desire to reach the merits. “Qualified immunity is ‘an immunity from suit rather than a mere defense to liability.’ ” Scott v. Harris, 550 U.S. 372, 376 n. 2, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). Our lack of jurisdiction subjects Denver to continued suit based on what seems like scant evidence. Nonetheless, when the Supreme Court decided Johnson, it was aware of the need to protect officials from erroneously permitted trials. See 515 U.S. at 315, 115 S.Ct. 2151. The Court still held that we cannot review an order deciding “whether or not the pretrial record sets forth a ‘genuine’ issue of fact for trial.” Id. at 319-20, 115 S.Ct. 2151. As such, we should dismiss this appeal for lack of jurisdiction. I respectfully dissent.